RUSSELL E. GRAY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gray v. Commissioner
Docket No. 27394-88
United States Tax Court
T.C. Memo 1990-282; 1990 Tax Ct. Memo LEXIS 299; 59 T.C.M. (CCH) 812; T.C.M. (RIA) 90282; June 6, 1990, Filed Scott W. Stauffer, for the petitioner. Robert A. Varra, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This case is assigned to Special Trial Judge Joan Seitz Pate pursuant to the provisions of section 7443A(b)(4) and Rule 180 et seq. [1] After a review of the record, we agree with and adopt her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: This case is before the Court on cross motions to dismiss for lack of jurisdiction. Respondent determined a deficiency of $ 25,718 in petitioner's 1982 Federal income tax and additions to tax totalling $ 11,753.65. He sent a notice of deficiency reflecting his determination by certified mail to petitioner *301 on July 5, 1988. Petitioner filed his petition with this Court on October 18, 1988, 105 days after the mailing of the notice of deficiency. In his motion, respondent maintains that the petition must be dismissed as untimely because petitioner did not file it within 90 days after the mailing of the notice of deficiency as required by section 6213(a). In his cross motion, petitioner contends that respondent did not mail the notice of deficiency to petitioner's "last known address" as provided in section 6212(b), and, therefore, his motion should be granted. It is clear that this case must be dismissed for lack of jurisdiction; we must decide whose motion will be granted. See . When petitioner filed his 1982 Federal income tax return, he resided in Great Falls, Virginia. Thereafter, he moved several times. On October 5, 1987, petitioner wrote to the Internal Revenue Service Center in Ogden, Utah (hereinafter "Ogden Service Center"), regarding a matter unrelated to this proceeding. In that letter, petitioner states: We just recently moved from California * * * our new address is Russell E. Gray, Jr. 15804 *302 E. Crestridge Cir. Aurora, Co. 80015 My work phone is 303-649-4672 in case of a need to speak further. Hereinafter, we will refer to this address as the "Crestridge Circle" address. On November 9, 1987, petitioner again wrote to the Ogden Service Center giving respondent the Crestridge Circle address. On February 16, 1988, respondent received a telephone call from petitioner's attorney. In the course of the conversation, respondent jotted down petitioner's address on a "Communication Control" memorandum as: 15804 E. Crestline Dr. Aurora, Co. 80015
We will refer to this address as the "Crestline Drive" address. In March, 1988, petitioner's counsel wrote to the Ogden Service Center attaching to his letter copies of petitioner's October 5th and November 9th, 1987 letters. In his letter, petitioner's counsel made two references to petitioner's letters noting that petitioner set forth his new address in each letter. Nevertheless, on April 25, 1988, respondent issued a "30-day letter" regarding petitioner's 1982 Federal income tax return and sent it to the Crestline Drive address. The 30-day letter was not returned to respondent. Petitioner received *303 it and responded on May 23, 1988. With his response, petitioner enclosed the 30-day letter on which he had crossed out "Crestline Dr.," and beneath it wrote "Crestridge Circle." On July 5, 1988, respondent mailed the notice of deficiency to the Crestline Drive address. It was not returned to respondent. Petitioner received the notice of deficiency during the week of July 25, 1988. Subsequently, petitioner wrote two letters to the Ogden Service Center. In one he states that he is attempting to locate his 1982 return "by the filing date required (90 days from July 5) but am not sure I can do so." Petitioner sent copies of that correspondence to this Court. We received those copies on October 18, 1988, and filed them as his petition in this case. Generally, a taxpayer invokes the jurisdiction of this Court by filing a petition within 90 days after respondent mails him a notice of deficiency by certified or registered mail. Secs. 6212(a), 6213(a), and 6214(a). A valid notice of deficiency and a timely petition are essential to our jurisdiction, and we must dismiss any case in which one or the other is not present. E.g., ; *304 . To come within the safe harbor provision of sec. 6212(b)(1), respondent must send the notice of deficiency to the taxpayer's last known address. The phrase "last known address" is not defined by the code or regulations, but in construing it, this and other courts have focused on the Commissioner's knowledge, rather than on what may have been the taxpayer's actual address. ; .See also .Generally, a taxpayer's "last known address" is the address to which, in light of all surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. E.g., ; . In , we held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and *305 concise notice of a change of address. The taxpayer has the burden of providing respondent with clear and concise notification of his new address. ."Clear and concise notice is notice by which the taxpayer indicates to the [Internal Revenue Service] that he wishes the new address to replace all old addresses in subsequent communication." , quoting . However, a notice of deficiency is valid even though there are errors in the mailing address when the taxpayer receives it within ample time to file a timely petition. ; ; .The question of whether a taxpayer has been prejudiced by an improperly addressed notice is a factual question for this Court to decide. .In one case, we held that a taxpayer who received a notice of deficiency at least 38 days prior to *306 the filing deadline had ample time in which to file a petition with this Court. . In this case, we must first decide whether the notice of deficiency was sent to petitioner's last known address, for if it was, actual receipt of the notice is not required. Sec. 6212(b)(1); .Based on the record, we think it is clear that the notice of deficiency, sent on July 5, 1988 to the Crestline Drive address, was not sent to petitioner's last known address. The parties have failed to enlighten this Court as to the address petitioner listed on his most recently filed return prior to the issuance of the notice of deficiency. Nevertheless, the evidence does show that petitioner notified respondent on at least four occasions that Crestridge Circle was his correct address. Two of the times he notified respondent that he had the wrong address in his computer. Yet, respondent failed to take any corrective action. As we stated in : Once respondent becomes aware of a change in address, he must exercise reasonable *307 care and diligence in ascertaining and mailing the notice of deficiency to the correct address.
Had respondent exercised the necessary care, the notice of deficiency would have been sent to Crestridge Circle rather than Crestline Drive. However, as stated above, even where the notice of deficiency is not sent to the "last known address," it is nevertheless effective from the date of mailing when the taxpayer receives it with sufficient time remaining to file a petition with this Court. Petitioner actually received the notice of deficiency during the week of July 25, 1988, no more than 24 days after respondent mailed it. Consequently, he had a minimum of 66 days in which to file a timely petition with this Court. That he may not have had copies of his 1982 return is no excuse for not filing on time. A copy of the return for the year in issue is not a prerequisite for filing a petition in this Court. See Rule 34. It is clear that petitioner received actual notice of the deficiency with ample time remaining to file a timely petition. Since he did not do so, we must grant respondent's motion, deny petitioner's motion, and dismiss this case for lack of jurisdiction. *308 To reflect the foregoing, An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect at the time the petition in this case was filed. All rule references are to the Tax Court Rules of Practice and Procedure.↩